# NOTES OF CAUSES

Decided during the period comprised in this Volume, and not reported in full.

No. 1709. STATE *v.* AULTMAN. April Term, 1885. The defendant was convicted of manslaughter in 1878, and sentenced to be confined in the State penitentiary at hard labor for life. Between October, 1884, and April, 1885, defendant (who had been in the penitentiary since his sentence) appealed. *Held*—

1. That the defendant could not be sentenced for a longer term than thirty years, and the sentence was therefore erroneous.

2. That at the time of the conviction there was no law of force in this State limiting the time within which a party might appeal from a sentence in the Court of General Sessions.

3. The error being in the sentence only, defendant is not entitled to a new trial, but only to a resentence. *State* v. *Trezevant*, 20 *S. C.*, 364.

OPINION by MR. JUSTICE McGOWAN, May 25, 1885. *W. S. Monteith,* for appellant. *Bonham,* solicitor, contra.

No. 1713. SHEPPERD *v.* TRADERS' NATIONAL BANK OF BOSTON. April Term, 1885. Plaintiff made a contract with Shepperd & Co. to obtain for them orders for cotton-ties, at an agreed commission. One Nichols, acting in concert with Shepperd & Co., purchased the ties in England with funds obtained on a letter of credit furnished him by defendant, and they were consigned to defendant with bills of lading drawn to defendant's order. Defendant reshipped to Charleston to its own order, with an understanding with Nichols that the ties were to remain the property of defendant until paid for. To the bills of lading on this second shipment were attached drafts of Shepperd & Co. on the parties in Charleston who had ordered them. These parties refused to pay, upon the ground that the ties were in bad order. Correspondence ensued between the defendant and its Charleston correspondent, which ended with storing the ties in a warehouse. The Circuit Judge (Hudson) granted a non-suit. On appeal, *held*—

1. That the judge erred in granting a non-suit; for while

there may have been no testimony to show that Shepperd & Co. were in the outset agents of the defendant, there was *some* testimony tending to show an appropriation of the purchases procured by plaintiff and a recognition of plaintiff's agency.

2. That judgment for plaintiff on the pleadings could not be directed, as his case rested on allegations of agency which were denied in the answer.

3. It is well settled in this State that the time when testimony may be introduced must be left to the discretion of the Circuit Judge, to be governed by the particular circumstances of each case, and that in some instances the courts have permitted a plaintiff to introduce other evidence even after a motion for a non-suit has been made and argued.

Judgment reversed. OPINION by MR. JUSTICE McIVER, June 27, 1885. *Simonton & Barker*, for appellant. *Buist & Buist*, contra.

No. 1731. SMALLS *v.* BENEVOLENT SOCIETY OF THE TABERNACLE CHURCH OF BEAUFORT. April Term, 1885. This was a motion by certain members of the defendant corporation to be relieved from judgments obtained by default against the defendant, the motion being based upon the ground of excusable negligence in failing to put in an answer. The Circuit Judge (Aldrich) held that there was no excusable negligence, and refused the motion. On appeal, *held*, that the motion was addressed to the discretion of the Circuit Court, and that there was no abuse of discretion in this case, as the summons and complaint were served upon the president of the defendant corporation, its duly accredited officer, and there was no evidence of any collusion between such officer and the plaintiff; and if such officer was guilty of negligence in not making and prosecuting a defence, the plaintiff is not responsible; and, further, as the motion was not made by the defendant corporation, but by individual members thereof, without authority from the defendant as a corporation. If the judge erred in expressing his opinion as to the merits of the defence, that would not avail appellants, for it is the duty of this court "simply to inquire whether there is any error in the *judgment* rendered, and not whether *the reasons* given to support it are sound."